IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ASHLEY SHARP, on behalf of herself
and those similarly situated,

    Plaintiff,

v.                 Case 2:16-cv-02686-cgc

MECCA CAMPUS SCHOOL, INC. and
CHARLES POGUE, individually,

    Defendants.

**ORDER ON MOTION TO CERTIFY CLASS**

   Before the Court is Plaintiff's Motion to Certify Class. (Docket Entry "D.E." #25). The parties have consented to the jurisdiction of the United States Magistrate Judge. (D.E. #29). For the reasons set forth herein, Plaintiff's Motion is hereby GRANTED.

   **I. Introduction**

   On August 24, 2016, Plaintiff Ashley Sharp ("Sharp"), an hourly paid bus driver, filed her Complaint against Defendants Mecca Campus School, Inc. ("Mecca") and Charles Pogue ("Pogue") alleging unpaid overtime compensation in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). On August 26, 2016, ten individuals in addition to Sharp filed Consents to Join Collective Action—Eric Moragne, Shaniki Brown, David Denton, Callie Edwards, Tasha Liggins, Sheila Mans, Sherronda McAdams, Sheena Puryear, Demeka Rounds, and Annette Johnson.

1

The Sharp Complaint is virtually identical to the Complaint and Amended Complaint filed in this Court by Tasha Liggins ("Liggins"), on behalf of herself and those similarly situated, on September 16, 2015. *See Tasha Liggins v. Mecca Campus School, Inc.*, No. 2:15-cv-02247-STA-cgc. In the *Liggins* case, six individuals in addition to Liggins filed Consents to Join Collective Action—Shaniki Brown, David Denton, Callie Edwards, Sheila Mans, Sheena Puryear, and Danny Watson. The *Liggins* case was dismissed with prejudice on June 3, 2016 for failure to comply with the Court's order to submit a mediation certificate and stipulation of dismissal, and a judgment was entered.

On November 30, 2016, Sharp filed the instant Motion to Certify Class. Sharp seeks to conditionally certify the collective action, compel production regarding potential opt-in plaintiffs, authorize notice to all similarly situated employees, and toll the statute of limitations. Specifically, Sharp proposes that the representative class consists of all current and former bus drivers and bus monitors that worked for Defendants at any time within the last three years who were not properly compensated overtime wages. On March 14, the Court entered an Order to Show Cause to Defendants to respond within fourteen days as to why the Motion to Certify Class should not be granted. On March 27, 2017, Defendants responded that they had notified Plaintiff's counsel via e-mail on February 21, 2017 that they "would not file an objection to the Motion to Certify Class but could not agree to it either." Defendants stated that they "[r]egrettably . . . failed to notify the Court of such position." Defendants do note, though, that multiple opt-in plaintiffs in this case were also plaintiffs in the *Liggins* case, which has already been dismissed with prejudice by this Court.

**II. Analysis**

The FLSA provides, in pertinent part, the following on pursuing collective actions:

2

> An action to recover the liability [for unpaid minimum wages or unpaid overtime compensation] . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The two key requirements of Section 216(b) are that the plaintiffs must be similarly situated and that all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)).

Certification of a FLSA collective action is a two-phase process. *Comer*, 454 F.3d at 546; *O'Brien*, 575 F.3d at 583. "The first takes place at the beginning of discovery," and any certification is "conditional and by no means final." *Comer*, 454 F.3d at 546 (internal quotations omitted). The court should rely upon the pleadings and any filed affidavits in determining if conditional certification is appropriate. *James Allen Frye v. Baptist Memorial Hospital*, No. 2:07-cv-02708-SHM-cgc, 2010 WL 3862591, at *2 (W.D.Tenn. Sept. 27, 2010). At this stage, a plaintiff must only "make a modest factual showing" that "his position is similar, not identical" to the positions held by the other proposed opt-in plaintiffs. *Comer*, 454 F.3d at 546 (citations omitted). "[T]his determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id*. (citations omitted); *see also White v. MPW Indus. Srvs.*, 236 F.R.D. 363, 366-67 (E.D.Tenn. Mar. 21, 2006) (citing cases). "To require more at this stage of the litigation would defeat the purpose of the two-stage analysis." *White*, 236 F.R.D. at 368.

The second phase of an FLSA collective action is typically precipitated by a motion for decertification, *White*, 236 F.R.D. at 366 (quoting *Mooney v. Aramco Srvs. Co.*, 54 F.3d 1207, 1213-

14 (5th Cir. 1995)), and it does not occur until "after all of the opt-in forms have been received and discovery has concluded," *Comer*, 454 F.3d at 546. At this point, "trial courts examine much more closely the question of whether particular members of the [collective action] are, in fact, similarly situated." *Id*. Because "the court has much more information [upon which] to base its decision" during the second phase, it employs a "stricter standard" for final certification. *Id*.

The FLSA does not define "similarly situated." *O'Brien*, 575 F.3d at 584. The United States Court of Appeals for the Sixth Circuit has also not defined "similarly situated" but has concluded that the consideration of whether violations are alleged to have occurred at "about the time and place and approximate manner is a starting point for understanding what similarly situated means." *Id*. at 585 (internal quotations omitted). However, the court cautioned that requiring causes of action to accrue at about the same time and place in the approximate manner of the named plaintiff "is more demanding than what the statute requires." *Id*. Further, the court stated that "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id*. Yet while such a policy is one manner of demonstrating that the plaintiffs are similarly situated, "showing a unified policy of violations is not required" for class certification. *Id*. at 584 (internal quotations omitted). Employees may also be similarly situated if the claims are "unified by common theories of defendants' statutory violations," although this is also not a requirement. *Id*. at 585 (concluding that proposed opt-in plaintiffs were similarly situated because the claims alleged two common means of violating the FLSA—"forcing employees to work off the clock and improperly editing time-sheets.").

In the instant case, Defendants have not contested any aspect of Plaintiff's proposed conditional certification or notice to putative class members. Sharp avers that her claims are typical of the claims of the approximately thirty former and current similarly situated bus drivers and bus monitors who were employed by Defendants. In support, Sharp provides the Declarations of opt-in Plaintiffs Eric Moragne ("Moragne"), Annette Johnson ("Johnson"), and Sherronda McAdams ("McAdams"), who state that they worked as bus drivers and monitors over forty hours per week but were paid their usual hourly pay for hours worked beyond forty hours per week in violation of the FLSA. (Mot. to Certify, Exhs. A, B & C ¶¶ 5-12). Moragne, Johnson, and McAdams also stated that, during their employment, they personally observed and discussed with other bus drivers and bus monitors who performed the same or similar duties and worked similar hours but were not paid overtime compensation. (*Id*. ¶ 14). Moragne, Johnson, and McAdams further claim that Defendants' failure to pay proper overtime wages was one of their "pay policies" because they classified bus drivers and bus monitors as "independent contractor[s]." (*Id*. ¶¶ 13-14).

Accordingly, based upon the foregoing, the Court concludes that Plaintiff has met her burden to conditionally certify a class of all current and former bus drivers and bus monitors who worked for Defendants at any time within the last three years and were not compensated at a rate of at least time-and-one-half their regular pay for all hours worked in excess of forty hours in a given workweek. Therefore, the Court orders that Defendants provide Plaintiff with a list of all putative class members' names, addresses, telephone numbers, and e-mail addresses to effectuate notice.[1]

---

[1] Plaintiff also requested all putative class members' social security numbers to be able to search the national change of address database to ensure the most up-to-date physical address. Plaintiff has neither shown that she is unable to provide notice via their address, telephone number, and/or e-mail on file, nor has she cited support that full social security numbers should be provided. Other courts have not permitted production of even the last four digits of social security numbers upon conditional certification. *See Swigart v. Fifth Third Bank*, 276 F.R.D.

The Court concludes that Plaintiff's proposed Notice (Mot. to Certify, Exh. D) is accurate and may be mailed and e-mailed and that a reminder notice postcard may be sent. As the three-year statute of limitations is alleged to be applicable, and Defendants' have not contested the scope of the notice, the Court will allow notice to all bus monitors and bus drivers employed by Defendants during the three-year period preceding the Court's ruling on the instant Motion. The Court permits putative class members ninety days to return their consent to join forms to opt in to the case. Over no objection, the Court will allow the statute of limitations to toll from November 4, 2016, which was the date of the filing of the instant motion, until the date of the entry of this Order.

Finally, although Plaintiff's Motion for Conditional Certification is granted, the Plaintiffs to the *Liggins* action have already brought their FLSA claims, which were dismissed with prejudice. Accordingly, the *Liggins* plaintiffs, including Shaniki Brown, David Denton, Callie Edwards, Tasha Liggins, Sheena Puryear, and Sheila Mans, who have already opted in to the present action, shall not be permitted to be part of this collective action.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motion to Certify Class is GRANTED.

**DATED** this 11th day of May, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

210, 215 (S.D. Ohio 2011). Thus, the Court declines to require Defendants to produce social security numbers of the putative class members.